Hostetter Knapp, LLP
Attorneys at Law
203 E. Main Street
P. O. Box 400
Enterprise, OR 97828
Tel: (541) 426-4584
Fax: (541) 426-3281
hklaw@eoni.com

Attorneys for Creditor Hank and Dolly Willms

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re:<br><br>ROWE SANDERSON III,<br><br>           Debtors.<br>_____<br><br>HANK AND DOLLY WILLMS,<br><br>           Plaintiffs,<br><br>        v.<br><br>ROWE SANDERSON III,<br><br>           Defendant. | Case No. 09-38818-rld7<br><br>Chapter 7<br><br>Adv. Proc. No. 10-03071-rld<br><br>COMPLAINT FOR DETERMINATION OF NONDISCHARGEABILITY OF DEBT |

## <u>COMPLAINT FOR DETERMINATION<br>OF NONDISCHARGEABILITY OF DEBT</u>

       Hank and Dolly Willms (collectively, "Plaintiffs") for their complaint against

Rowe Sanderson III ("Defendant"), allege as follows:

       1.     This is a core proceeding over which this Court has jurisdiction under

28 U.S.C § 157(b).

       2.     Defendant is the debtor in this Chapter 7 case.

COMPLAINT FOR DETERMINATION OF NONDISCHARGEABILITY OF DEBT
P/Complaint.Sanderson.Willms

1    3.    Hank and Dolly Willms ("Willms") are individuals residing in the State

2    of California.  Plaintiffs are each creditors of Defendant.

3              **CLAIM FOR RELIEF FOR DETERMINATION**
          **OF NONIDISCHARGEABILITY OF DEBTS**
4     **TO WILLMS UNDER 11 U.S.C. § 523(a)(2)(A)**

5    4.    Plaintiffs reallege and incorporate by reference paragraphs 1 through

6    3 above.

7    5.    Defendant is indebted to Willms in the sum of $550,000.00, plus

8    interest thereon at the rate of 10% per annum from and after October 6, 2006, on

9    a debt for obtaining money and/or property by false pretenses, false

10   representations and actual fraud.

11   6.    Prior to becoming indebted to Willms, Defendant had entered into a

12   sale agreement for real property with La Pine Village LLC, whose managing

13   member was Dominic Chan.  As part of that agreement, La Pine Village LLC signed

14   a promissory note ("the LPV Note") on November 30, 2005 and subsequently

15   modified it on April 26, 2006.  The LPV Note was secured by a trust deed against

16   the real property purchased from Defendant by La Pine Village LLC.  Amerititle of

17   Bend, Oregon was the trustee under the trust deed.  A true and correct copy of the

18   April 26, 2006 LPV Note is attached hereto as Exhibit A and incorporated herein by

19   reference.  The amount of the LPV Note, $1,500,000.00, was to be paid to the

20   order of Sanderson Company, the entire sum, principal and accrued interest

21   becoming due on November 29, 2006.

22   7.    On October 6, 2006, Defendant induced Willms to loan him

23   $550,000.00 by granting to Willms a security interest in the LPV Note.  Willms

24   therefore made the loan to Defendant, the terms of which were set forth in a

25   promissory note providing for repayment of the $550,000.00 plus interest thereon

26   at the rate of 10% per annum ("the Willms Note").    A true and correct copy of

COMPLAINT FOR DETERMINATION OF NONDISCHARGEABILITY OF DEBT
P/Complaint.Sanderson.Willms

Case 10-03071-rld    Doc 1    Filed 03/10/10

1  Willms's security interest in the LPV Note along with the Willms Note is attached

2  hereto as exhibit B and incorporated herein by reference.   The total principal sum

3  and all accrued interest on the Willms note became due sixty days from the date

4  of the Note on December 5, 2006, approximately six days after payment became

5  due on the LPV note.

6          8.      On October 11, 2006, Defendant signed a security agreement with

7  Willms regarding the LPV Note.  Defendant also delivered to Willms the original LPV

8  Note, thereby securing full and prompt payment  by Defendant of the Willms Note.

9  A true and correct copy of the Security Agreement is attached hereto as Exhibit C

10  and incorporated herein by reference.  The Security Agreement provides in relevant

11  part as follows:

12          Sanderson is the holder of a promissory note in the principal sum of
            $1,500,000 made by La Pine Village LLC, an Oregon limited liability
13          company, dated April 26, 2006 (the "LPV Note").  The note is secured
            by a deed of trust on real property located in La Pine, Oregon.  The
14          LPV Note is due and payable in full on November 29, 2006.

15                                          * * * *
            In order to induce Willms to make a loan to Sanderson in the amount
16          of $500,000 [sic] (the "Willms Note"), Sanderson has agreed to grant
            Willms a security interest in the LPV Note.
17
            9.      Defendant did not receive payment from LPV on the due date of the
18
   LPV Note and, in turn, failed to pay Willms in full by December 5, 2006.  At that
19
   time and throughout the following months Willms confronted Defendant regarding
20
   payment of the Willms Note.  Defendant convinced Willms not to declare a default
21
   on the Willms Note and induced Willms to give him more time to pay by repeatedly
22
   assuring Willms that payment of the $1,500,000.00 LPV Note was forthcoming.
23
   Defendant reassured Willms that he was entitled to $550,000.00 plus interest
24
   when LPV paid off its Note.  Willms relied on Defendant's assurances.
25

26

10. In October 2007, LPV was finally able to pay Defendant in return for Defendant's full conveyance of the property to LPV. Defendant did not notify Willms of the payment.

11. On October 30, 2007, in order to complete the transaction with LPV and receive payment from LPV, but unbeknownst to Willms, Defendant signed a request to the trustee, Amerititle of Bend, Oregon, for reconveyance of the property to LPV and cancellation of all evidence of indebtedness in the LPV Note. A true and correct copy of the Request for Full Reconveyance is attached hereto as Exhibit D and incorporated herein by reference.

12. Defendant was required by Amerititle to produce the LPV Note for delivery to LPV in order to satisfy the terms of the pay-off by LPV and reconveyance of the property. Having intentionally hidden the pending transaction from Willms, who held the LPV Note, Defendant could not comply with Amerititle's requirement. Therefore, in order to induce Amerititle to reconvey the property absent production of the LPV Note, and to secure to Defendant the full amount of the $1,500,000.00 pay-off without paying Willms, Defendant executed and signed a letter of indemnity in which Defendant falsely asserted that the original LPV Note had been lost, misplaced or destroyed. A true and correct copy of the Letter for Indemnity is attached hereto as Exhibit E and incorporated herein by reference.

13. Defendant, having falsely and fraudulently completed the transaction with LPV, took all of the money without notifying Willms. Willms has never received any payment upon the debt of $550,000.00 plus interest owed him by Defendant.

14. Defendant is indebted to Willms for obtaining money and/or property by false pretenses, false representations and actual fraud in the following manner: (1) Defendant falsely and fraudulently represented in the Willms Note and Security Agreement that Defendant would pay Willms $550,000.00 plus interest within 60

COMPLAINT FOR DETERMINATION OF NONDISCHARGEABILITY OF DEBT
P/Complaint.Sanderson.Willms

Case 10-03071-rld    Doc 1    Filed 03/10/10

days and that Willms was granted a security interest in the LPV Note; (2) Defendant falsely and fraudulently represented to Willms, when confronted with the fact that he had not paid within 60 days, that if Willms waited to be paid and did not declare a default on the Willms Note, that Willms would be paid when LPV paid its Note; (3) Defendant falsely and fraudulently represented to Amerititle that the LPV Note was lost, misplaced or destroyed. All of Defendant's false and fraudulent representations deprived Willms of his interest in the $550,000.00 plus interest and fraudulently obtained the LPV Note from Willms by depriving him of its substance and effect.

15. All sums owed by Defendant to Willms are debts that are nondischargeable under Section 523(a)(2)(A) of the Bankruptcy Code.

WHEREFORE, Plaintiffs pray:

1. That the Court determine that the debt of Defendant to Willms in the amount of $550,000.00, plus interest, is nondischargeable;

2. That the Court enter judgment declaring said debts to be nondischargeable; and

3. That Plaintiffs have such other relief as is just.

DATED this 10th day of March, 2010.

Respectfully submitted,

/s/ D. Rahn Hostetter
D. Rahn Hostetter, OSB # 782477
Attorney for Hank and Dolly Willms

COMPLAINT FOR DETERMINATION OF NONDISCHARGEABILITY OF DEBT
P/Complaint.Sanderson.Willms

# EXHIBIT A

# EXHIBIT A

# PROMISSORY NOTE

THIS NOTE SUPERCEDES AND REPLACES THE ORIGINAL NOTE DATED NOVEMBER 30, 2005 TO ACCURATELY REFLECT THE PARTIES' NEGOTIATIONS AND THE ACTUAL PAYMENT TERMS.

MAKER:    LAPINE VILLAGE, LLC, an Oregon limited liability company

For value received, LAPINE VILLAGE, LLC, an Oregon limited liability company, promises to pay to the order of SANDERSON COMPANY, an Oregon corporation, the sum of ONE MILLION FIVE HUNDRED THOUSAND AND 00/100 ($1,500,000.00), together with interest at the rate of seven percent (7%) per annum compounded annually, from November 30, 2005 until paid.

All of the principal together with all accrued interest shall be paid in monthly installments of Eight Thousand Seven Hundred Fifty and 00/100 ($8,750.00) per month. The first payment shall be made on the 10th day of January, 2006 and a like payment on the same day of every month thereafter until November 29, 2006, at which time the entire sum, principal and accrued but unpaid interest, shall be paid in full.

Interest shall be charged on the unpaid principal until the full amount of principal has been paid.

Maker shall make payments at 975 SW Colorado, Suite 105, Bend, Oregon 97702, until further notice.

Each payment shall be applied first to any late fee; second to accrued interest; and the balance, if any, shall be applied to principal.

O:/DATA/JMW/CLIENTS/A-L/Chen/LaPine Property/Promissory Note

Maker may prepay any payments due under this Note or prepay the whole of the balance due at any time. If partial prepayments are made, there shall be no changes in the due date or the amount of regular payments unless agreed in writing.

This obligation is secured by a Trust Deed and is subject to all the terms and conditions of the Trust Deed. A default under the Trust Deed is a default under this Note.

If the full payment of any payment is not received by the end of ten (10) days after the due date. Maker shall pay a late charge. The amount of the charge shall be five percent (5%) of the overdue payment. Maker shall pay this late charge promptly, but only once on each late payment.

Maker shall be in default if Maker does not pay the full amount of each payment described in this Note when it is due, including any grace period.

Time is of the essence.

If any installment or payment is not paid when due, including any grace period, the entire principal and accrued interest shall become immediately due and payable at the option of the holder of this Note. In the event the holder of this Note does not exercise the option in the event of default, this failure to exercise the option shall not constitute a waiver of the right to exercise it in the event of a later default.

/////
/////
/////

Q:/DATA/JMW/CLIENTS/A-L/Chan/LaPine Property/Promissory Note

Maker agrees that the holder of this Note may recover such reasonable expenses as may be incurred in collection, including reasonable attorney fees, for any court, suit or action and appeal.

DATED this ____ day of April, 2006.

MAKER:

LAPINE VILLAGE, LLC

By: Dominic Chan
Its: MANAGING MEMBER

Q:/DATA/JMW/CLIENTS/A-L/Chan/LaPine Property/Promissory Note

**EXHIBIT B**

**EXHIBIT B**



# Sanderson Company

October 6, 2006

Sanderson Company and Rowe Sanderson III jointly secure a $550,000 loan plus interest
from Hank Willms with a note executed by Dominic Chan in the amount of
$1,500,000.00. This note is due and payable on November 30, 2006 at which point Hank
Willms will be paid in full.

Rowe Sanderson III

975 S.W. Colorado Ave • Suite 105 • Bend, OR 97702
Phone 541.383.8067 • Fax 541.383.8877
email: ssanderson@sandersoncompany.com

Exhibit B
Page 1 of 2

Case 10-03071-rld    Doc 1    Filed 03/10/10

# PROMISSORY NOTE

**MAKER:**     SANDERSON COMPANY
              An Oregon corporation

Sanderson Company promises to pay to the order of HANK WILLMS and DOLLY WILLMS the sum of Five Hundred Fifty-thousand dollars together with interest at the rate of ten percent (10%) per annum.

The total principal sum and all accrued interest shall be due and payable on or before sixty days from the date of this note.

Maker may prepay at any time

Maker agrees that the holder of the Note may recover such reasonable expenses as may be incurred in collection, including reasonable attorney fees for any court, suit or action and appeal.

Dated this 6th day of October, 2006.

Maker:

SANDERSON COMPANY

By: _____
    Rowe Sanderson III

# EXHIBIT C

# EXHIBIT C

# SECURITY AGREEMENT

This Security Agreement ("**Agreement**") is between HANK Willms & DOLLY Willms ("**Willms**") and SANDERSON COMPANY, INC. ("**Sanderson**").

## Recitals

A.     Sanderson is the holder of a promissory note in the principal sum of $1,500,000 made by La Pine Village LLC, an Oregon limited liability company, dated April 26, 2006 (the "**LPV Note**"). The note is secured by a deed of trust on real property located in La Pine, Oregon. The LPV Note is due and payable in full on November 29, 2006. A true and correct copy of the LPV Note is attached and incorporated herein as Exhibit "A";

B.     In order to induce Willms to make a loan to Sanderson in the amount of $500,000 (the "**Willms Note**"), Sanderson has agreed to grant Willms a security interest in the LPV Note.

NOW THEREFORE, the parties agree as follows:

SECTION 1.     DEFINITIONS

   1.1     **Capitalized Terms.** Unless defined elsewhere in this Agreement, capitalized terms used in this Agreement will have the meanings ascribed to them as follows:

"**Encumbrance**" means any lien, mortgage, pledge, security interest, or other encumbrance.

"**Event of Default**" means any event specified in Section 5.1.

"**Permitted Encumbrances**" means:

      (a)     Encumbrances in favor of Willms;

      (b)     Encumbrances arising by operation of law for taxes, assessments, or government charges not yet due;

      (c)     statutory Encumbrances for services or materials arising in the ordinary course of Sanderson's business for which payment is not yet due; and

      (d)     nonconsensual Encumbrances incurred or deposits made in the ordinary course of Sanderson's business for workers' compensation and unemployment insurance and other types of social security.

   1.2     **UCC Terms.** Unless the context clearly indicates otherwise, terms used in this Agreement that are defined in the Uniform Commercial Code will have the meanings ascribed to them in the Uniform Commercial Code. The term "instrument" will have the meaning ascribed to it in ORS Chapter 79 rather than ORS Chapter 73.

Exhibit C
Page 1 of 12

## SECTION 2.      SECURITY INTEREST

**Grant.** As security for the full and prompt payment and performance of the Willms Note, Sanderson hereby grants Willms a security interest in the LPV Note.

2.1   **Perfection.**

    (a)   Sanderson authorizes Willms to file all financing statements that Willms deems reasonably necessary to perfect and continue Willms's security interest in the LPV Note.

    (b)   Upon Willms's request, Sanderson will:

        (1)   assist Willms in taking possession of the LPV Note;

        (2)   deliver to Willms the LMV Note with one or more assignments indorsed in blank.

    (c)   If the LPV Note is in the possession of a person other than Sanderson, Willms, or a lessee of the LPV Note from Sanderson in the ordinary course of Sanderson's business, Sanderson will assist Willms in obtaining from the person a bailee acknowledgment of security interest, in form and substance reasonably satisfactory to Willms.

    (d)   Upon Willms's request, Sanderson will take any other actions that Willms deems reasonably necessary to perfect and continue Willms's security interest in the LPV Note.

2.2   **Termination.** Upon Sanderson's request after the full payment and performance of the Willms Note, Willms will take all actions that Sanderson deems reasonably necessary to terminate Willms's security interest in the LPV Note.

## SECTION 3.      REPRESENTATIONS AND WARRANTIES OF SANDERSON

Sanderson represents and warrants to Willms as follows:

3.1   **Authority.** Sanderson has full power and authority to sign and deliver this Agreement and to perform all of Sanderson's obligations under this Agreement.

3.2   **Binding Obligation.** This Agreement is the legal, valid, and binding obligation of Sanderson, enforceable against Sanderson in accordance with its terms, except as enforceability may be limited by bankruptcy, insolvency, or other similar laws of general application or by general principles of equity.

3.3   **No Conflicts.** The signing and delivery of this Agreement by Sanderson and the performance by Sanderson of all of Sanderson's obligations under this Agreement will not:

(a) conflict with Sanderson's articles of incorporation or bylaws;

(b) breach any agreement to which Sanderson is a party, or give any person the right to accelerate any obligation of Sanderson;

(c) violate any law, judgment, or order to which Sanderson is subject; or

(d) require the consent, authorization, or approval of any person, including but not limited to any governmental body.

3.4 **Ownership.** Sanderson has good title to the LPV Note, free from all Encumbrances except Permitted Encumbrances. Sanderson has the right and power to transfer and assign the LPV Note to Willms, free from any restriction or condition.

3.5 **Location of Sanderson.** Sanderson is a Corporation duly organized and validly existing under the laws of the State of Oregon.

3.6 **Location of LPV Note.** Sanderson shall keep the LPV Note at its principal place of business in Bend, Oregon.

## SECTION 4. COVENANTS OF SANDERSON

Sanderson covenants to Willms that Sanderson will perform the following obligations and observe the following conditions until the Willms Note are fully paid and performed:

4.1 **Ownership.** Sanderson will keep the LPV Note free from all Encumbrances except Permitted Encumbrances. Sanderson will not permit any person to restrict or condition Sanderson's right and power to transfer and assign the LPV Note to Willms.

4.2 **Name of Sanderson.** Sanderson will not change Sanderson's legal name.

4.3 **Location of Sanderson.** Sanderson will maintain its existence as a corporation and will not change the State of its organization.

4.4 **No Disposition of LPV Note.** Sanderson will not sell, lease, license, distribute, or otherwise dispose of any LPV Note, except in connection with:

(a) the disposition of inventory in the ordinary course of Sanderson's business; and

(b) the replacement of equipment in the ordinary course of Sanderson's business.

4.5 **Organizational Documents.** Sanderson will not amend its articles of incorporation or bylaws.

4.6 **Dissolution.** Sanderson will not dissolve, and will not wind up or liquidate its business and affairs.

Case 10-03071-rld    Doc 1    Filed 03/10/10

**4.7**  **Sales and Reorganizations.** Sanderson will not enter into any transaction involving the sale of substantially all of Sanderson's assets, or the reorganization, recapitalization, consolidation, conversion, or merger of Sanderson.

**4.8**  **Distributions.** Sanderson will not make any distributions to its shareholders, members, or other equity owners.

## SECTION 5.  DEFAULTS AND REMEDIES

**5.1**  **Events of Default.** Each of the following events is an Event of Default:

(a)  Sanderson fails to make any payment on the Willms Note within 20 days after the due date of the payment;

(b)  any representation or warranty made by Sanderson in this Agreement is found to have been untrue or misleading in any material respect as of the date of this Agreement;

(c)  an Encumbrance other than a Permitted Encumbrance attaches to any LPV Note;

(d)  Sanderson voluntarily dissolves or ceases to exist, or any final and nonappealable order or judgment is entered against Sanderson decreeing its dissolution;

**5.2**  **Remedies.** On and after an Event of Default, Willms may exercise the following remedies, which are cumulative and which may be exercised singularly or concurrently:

(a)  upon notice to Sanderson, the right to accelerate the due dates of the Willms Note so that the Willms Note is immediately due, payable, and performable in their entirety;

(b)  any remedy available to Willms under the Uniform Commercial Code; and

(c)  any other remedy available to Willms at law or in equity.

**5.3**  **Additional Rights and Willms Note.** After an Event of Default:

(a)  upon Willms's request, Sanderson will assemble the LPV Note and make it available to Willms at a place designated by Willms which is reasonably convenient to both parties;

(b)  upon Willms's request, Sanderson will otherwise assist Willms in exercising any remedy available to Willms under this Agreement;

Exhibit C
Page 4 of 12

5.4 **Application of Cash Proceeds.** After an Event of Default, Willms will apply or pay over for application the cash proceeds of collection, enforcement, or disposition of LPV Note in the following order to:

    (a) the reasonable expenses of collection, enforcement, retaking, holding, preparing for disposition, processing, disposing, and reasonable attorney's fees and legal expenses incurred by Willms;

    (b) the satisfaction of the Willms Note, in such order as Willms may determine, to the extent such order is not inconsistent with any agreement evidencing the payment or performance of the Willms Note; and

    (c) other persons, including but not limited to Sanderson, in accordance with the Uniform Commercial Code.

## SECTION 6.   RELEASE, INDEMNIFICATION, AND WAIVERS

6.1 **Release and Indemnification.** Sanderson releases and will defend and indemnify Willms for, from, and against any and all claims, actions, proceedings, damages, liabilities, and expenses of every kind, whether known or unknown, including but not limited to reasonable attorney's fees, resulting from or arising out of:

    (a) any action that Willms takes to perfect or continue Willms's security interest in the LPV Note; or

    (b) the exercise of any remedy available to Willms under this Agreement, without regard to cause or the negligence of Willms or any other person.

6.2 **Waiver by Sanderson.** Sanderson waives demand, presentment for payment, notice of dishonor or nonpayment, protest, notice of protest, and lack of diligence in collection, and agrees that Willms may amend any agreement evidencing, guaranteeing, or securing any of the Note or extend or postpone the due dates of the Willms Note without affecting Sanderson's liability.

6.3 **No Waiver by Willms.** No waiver will be binding on Willms unless it is in writing and signed by Willms. Willms's waiver of a breach of a provision of this Agreement or any agreement evidencing, guaranteeing, or securing any of the Willms Note will not be a waiver of any other provision or a waiver of a subsequent breach of the same provision. Willms's failure to exercise any remedy under this Agreement or any agreement evidencing, guaranteeing, or securing any of the Willms Note will not be considered a waiver by Willms of Willms's right to exercise the remedy.

## SECTION 7.   GENERAL

7.1 **Time of Essence.** Time is of the essence with respect to all dates and time periods in this Agreement.

7.2 **No Assignment.** Sanderson may not assign or delegate any of Sanderson's rights or obligations under this Agreement to any person without the prior written consent of Willms, which Willms may withhold in Willms's sole discretion.

7.3 **Binding Effect.** This Agreement will be binding on the parties and their respective heirs, personal representatives, successors, and permitted assigns, and will inure to their benefit.

7.4 **Amendment.**

(a) This Agreement may be amended only by a written document signed by the party against whom enforcement is sought.

7.5 **Notices.** All notices or other communications required or permitted by this Agreement:

(a) must be in writing;

(b) must be delivered to the parties at the addresses set forth below, or any other address that a party may designate by notice to the other parties; and

(c) are considered delivered:

(1) upon actual receipt if delivered personally or by fax or an overnight delivery service; and

(2) at the end of the third business day after the date of deposit in the United States mail, postage pre-paid, certified, return receipt requested.

To Sanderson:

Sanderson Company, Inc.
975 SW Colorado Avenue, Suite 105
Bend, Oregon 97702

Fax: (541) 383-8877
Attn: Sandy Sanderson

With a copy to:

FRANCIS HANSEN & MARTIN LLP
1148 NW Hill Street
Bend, Oregon 97701

Fax: (541) 382-7068
Attn: Gregory J. Stuman

To Willms:

_____
_____
_____

Fax: _____
Attn: Hank Willms

With a copy to:

Don Pool

7522 N. Colonial Ave
Fresno, Calif 93711
Fax: 559-228-6818
Attn: Don

7.6    **Severability.** If a provision of this Agreement is determined to be unenforceable in any respect, the enforceability of the provision in any other respect and of the remaining provisions of this Agreement will not be impaired.

7.7    **Further Assurances.** The parties will sign other documents and take other actions reasonably necessary to further effect and evidence this Agreement.

7.8    **Attachments.** Any exhibits, schedules, and other attachments referenced in this agreement are part of this Agreement.

7.9    **Remedies.** The parties will have all remedies available to them at law or in equity. All available remedies are cumulative and may be exercised singularly or concurrently.

7.10   **Governing Law.** This Agreement is governed by the laws of the State of Oregon, without giving effect to any conflict-of-law principle that would result in the laws of any other jurisdiction governing this Agreement.

7.11   **Venue.** Any action or proceeding arising out of this Agreement will be litigated in courts located in Deschutes County, Oregon. Each party consents and submits to the jurisdiction of any local, state, or federal court located in Deschutes County, Oregon.

7.12   **Attorney's Fees.** If any arbitration or litigation is instituted to interpret, enforce, or rescind this Agreement, including but not limited to any proceeding brought under the United States Bankruptcy Code, the prevailing party on a claim will be entitled to recover with respect to the claim, in addition to any other relief awarded, the prevailing party's reasonable attorney's fees and other fees, costs, and expenses of every kind, including but not limited to the costs and disbursements specified in ORCP 68 A(2), incurred in connection with the arbitration, the litigation, any appeal or petition for review, the collection of any award, or the enforcement of any order, as determined by the arbitrator or court.

7.13   **Entire Agreement.** This Agreement contains the entire understanding of the parties regarding the subject matter of this Agreement and supersedes all prior and contemporaneous negotiations and agreements, whether written or oral, between the parties with respect to the subject matter of this Agreement.

7.14   **Signatures.** This Agreement may be signed in counterparts. A fax transmission of a signature page will be considered an original signature page. At the request of a party, a party will confirm a fax-transmitted signature page by delivering an original signature page to the requesting party.

**[Signature Page Follows]**

Dated effective: October _11_, 2006.

Willms:

Hank Willms

Dolly Willms

Sanderson:

SANDERSON COMPANY, INC.

By: _____
    Rowe Sanderson III, President

EXHIBIT "A"

(LPV Note)

# PROMISSORY NOTE

THIS NOTE SUPERCEDES AND REPLACES THE ORIGINAL NOTE DATED NOVEMBER 30, 2005 TO ACCURATELY REFLECT THE PARTIES' NEGOTIATIONS AND THE ACTUAL PAYMENT TERMS.

MAKER:     LAPINE VILLAGE, LLC, an Oregon limited liability company

For value received, LAPINE VILLAGE, LLC, an Oregon limited liability company, promises to pay to the order of SANDERSON COMPANY, an Oregon corporation, the sum of ONE MILLION FIVE HUNDRED THOUSAND AND 00/100 ($1,500,000.00), together with interest at the rate of seven percent (7%) per annum compounded annually, from November 30, 2005 until paid.

All of the principal together with all accrued interest shall be paid in monthly installments of Eight Thousand Seven Hundred Fifty and 00/100 ($8,750.00) per month. The first payment shall be made on the 10th day of January, 2006 and a like payment on the same day of every month thereafter until November 29, 2006, at which time the entire sum, principal and accrued but unpaid interest, shall be paid in full.

Interest shall be charged on the unpaid principal until the full amount of principal has been paid.

Maker shall make payments at 975 SW Colorado, Suite 105, Bend, Oregon 97702, until further notice.

Each payment shall be applied first to any late fee; second to accrued interest; and the balance, if any, shall be applied to principal.

O:/DATA/JMW/CLIENTS/A-L/Chan/LaPine Property/Promissory Note

Exhibit C
Page 10 of 12

Case 10-03071-rld   Doc 1    Filed 03/10/10

Maker may prepay any payments due under this Note or prepay the whole of the balance due at any time. If partial prepayments are made, there shall be no changes in the due date or the amount of regular payments unless agreed in writing.

This obligation is secured by a Trust Deed and is subject to all the terms and conditions of the Trust Deed. A default under the Trust Deed is a default under this Note.

If the full payment of any payment is not received by the end of ten (10) days after the due date. Maker shall pay a late charge. The amount of the charge shall be five percent (5%) of the overdue payment. Maker shall pay this late charge promptly, but only once on each late payment.

Maker shall be in default if Maker does not pay the full amount of each payment described in this Note when it is due, including any grace period.

Time is of the essence.

If any installment or payment is not paid when due, including any grace period, the entire principal and accrued interest shall become immediately due and payable at the option of the holder of this Note. In the event the holder of this Note does not exercise the option in the event of default, this failure to exercise the option shall not constitute a waiver of the right to exercise it in the event of a later default.

/ / / / /

/ / / / /

/ / / / /

Q:/DATA/JMW/CLIENTS/A-L/Chan/LaPine Property/Promissory Note

Exhibit C
Page 11 of 12

Maker agrees that the holder of this Note may recover such reasonable expenses as may be incurred in collection, including reasonable attorney fees, for any court, suit or action and appeal.

DATED this ___16th___ day of April, 2006.

MAKER:

LAPINE VILLAGE, LLC

By: Dominic Chan
Its: MANAGING MEMBER

Page 3 of 3

Q:/DATA/JMW/CLIENTS/A-L/Chan/LaPine Property/Promissory Note

Exhibit C
Page 12 of 12

Case 10-03071-rld    Doc 1    Filed 03/10/10

**EXHIBIT D**

**EXHIBIT D**

Need   (XX) Promissory Note
(XX) Deed of Trust

## REQUEST FOR FULL RECONVEYANCE

To AMERITITLE, Trustee:

With reference to that certain Trust Deed in which: LA PINE VILLAGE LLC is the Grantor, you are the Trustee, and the undersigned is the Beneficiary, recorded in BOOK 2005  VOLUME 82549, Official Records of DESCHUTES County, Oregon, be advised that the undersigned is the legal owner and holder of all indebtedness secured by said Trust Deed and all sums secured thereby have been fully paid and satisfied.  You are hereby directed, on payment to you of any sums owing to you under the terms of said Trust Deed or pursuant to statute, to cancel all evidence of indebtedness secured by said Trust Deed (which are delivered to you herewith together with said Trust Deed) and to reconvey, without warranty, to the parties designated by the terms of said Trust Deed the estate now held by you under the same.

MAIL RECONVEYANCE AND DOCUMENTS TO _____.

Dated _October 30_ , 2007.

Sanderson Company

By: _____

**EXHIBIT E**

**EXHIBIT E**

# LETTER OF INDEMNITY

The undersigned, by subscribing this instrument, authorizes AMERITITLE as Trustee under that certain Trust Deed executed by LA PINE VILLAGE LLC Grantor, to AMERITITLE, as Trustee for SANDERSON COMPANY Beneficiary, dated NONE GIVEN and Recorded NOVEMBER 30, 2005 in Book/Reel 2005, Page 82549, to reconvey the subject property to the Grantor in said Trust Deed without requirement of the return to AMERITITLE, by the Beneficiary of the Original Trust Deed/Note. The undersigned swears and affirms that all sums secured by said Trust Deed have been paid in full.

This statement is hereby executed by the undersigned to induce AMERITITLE to reconvey the subject property upon written request for said Reconveyance by the subject Beneficiary without demanding the Trust Deed/Note inasmuch as said original Trust Deed/Note has been Lost/Misplaced/Destroyed and holds AMERITITLE harmless for any and all loss that may result to AMERITITLE or the undersigned as a result of the execution of said reconveyance as described above.

Dated this _30_ day of _October_, 2007.

Sanderson Company

BY: _[signature]_

State of _Oregon_        County of _Deschutes_ )ss

This instrument was acknowledged before me on _October 30_, 2007
By _Rowe Sanderson III_
As _Authorized Signer_
Of _Sanderson Company_

_Barbara D. Coleman_
Notary Public of _Oregon_
My commission expires _May 23, 2010_

OFFICIAL SEAL
BARBARA D COLEMAN
NOTARY PUBLIC-OREGON
COMMISSION NO. 406360
MY COMMISSION EXPIRES MAY 23, 2010

Exhibit E
Page 1 of 1